IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**LASHAN D. LAMARR,**

    Plaintiff,

v.                                             Civil Action No. 3:14cv32
                                                   Judge Groh

**MIKE JACKSON, Correctional Counselor;
DOUG WHITE, Correctional Officer II;
ROBIN MILLER, Associate Warden of
Programs; and MARVIN C. PLUMLEY,
Warden,**

    Defendants.

**ORDER REQUIRING CLERK TO SEND WARDEN A CERTIFIED
PRISONER TRUST ACCOUNT REPORT AND REQUIRING SAID FORM TO BE
TENDERED TO THE FISCAL CLERK FOR COMPLETION AND FILING**

The plaintiff initiated this civil rights action on March 13, 2014. Along with his complaint, plaintiff also filed a Motion to Proceed *In Forma Pauperis*, a copy of his Prisoner Trust Account Report ("PTAR"), and a partial copy of the Ledger Sheets for that PTAR. The motion is still pending before the Court because, despite having already been directed to provide a COMPLETE copy of the Ledger Sheets for the entire six months preceding the March 13, 2014 filing of the complaint, the fiscal clerk, in direct contravention of this Court's March 19, 2014 Order, has again failed to file a complete copy of the ledger sheets from the plaintiff's trust account for the *full* six months preceding the date the complaint was filed.

In order to determine the plaintiff's eligibility to proceed as a pauper, the Court is statutorily required to review his prison ledger sheets for the ENTIRE six-month period preceding the filing of this action. Accordingly, before this case can proceed, the Court must receive those documents. The Court notes that on the Prisoner Trust Account form, which plaintiff's fiscal clerk previously signed and the plaintiff filed, in bold print, it specifically

1

advises the fiscal clerk that **the Court requires the ledger sheets** and directs that those documents be provided to the Court along with the completed Prisoner Trust Account form. **The form specifically notes that a certified copy of the prisoner's trust account statement for the *ENTIRE* six months prior to the filing of the complaint is required**. Here, the fiscal clerk completed the Prisoner Trust Account form and only provided a partial copy of the Ledger Sheets, providing only incomplete information for January, 2014, and providing no information at all for February or March, 2014, in direct contravention of the Court's express directions. On March 19, 2014, the fiscal clerk was specifically directed to re-provide a COMPLETE copy of the Ledger Sheets for the entire six-month period preceding the filing of the plaintiff's case. Instead, on April 2, 2014, she merely re-filed an incomplete Ledger Sheet, dated March 25, 2014, that again ended in early January, 2014, instead one that provided information continuing through mid-March, 2014.

In an effort to garner the information required to rule on the plaintiff's IFP motion, **the Clerk of Court is directed** to send a blank PTAR to the Warden at Huttonsville Correctional Center with a copy of this Order. **The Warden is directed to take the necessary steps to have the PTAR delivered to the fiscal clerk and ensure her compliance in completing and attaching the complete ledger sheets for the *full* six month period prior to** the date the plaintiff filed his complaint, i.e., September, 2013 – March, 2014. **The Warden is directed to mail the completed PTAR with the *complete* ledger sheets to the Co**ur**t within twenty-one days of entry of this Order, or by May 20, 2014.**

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order and the appropriate form to the warden at Huttonsville Correctional Center and a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 29, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE