IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LASHAN D. LAMARR,

    Plaintiff,

v.                                                                                                                                              Civil Action No. 3:14cv32
                                                                                                                                               Judge Groh

MIKE JACKSON, Correctional Counselor;
DOUG WHITE, Correctional Officer II;
ROBIN MILLER, Associate Warden of
Programs; and MARVIN C. PLUMLEY,
Warden,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS**

This case is before the Court on the *pro se* Plaintiff's Motion to Proceed *in Forma Pauperis*, executed Consent to Collection of Fees, and Prisoner Trust Account Report, filed on March 13, 2014.

Title 28 U.S.C. § 1915 requires prisoners to pay the full $350 filing fee when bringing a civil action *in forma pauperis*. 28 U.S.C. § 1915(b)(1). If, however, insufficient funds exist in the prisoner's account to pay the full filing fee at the time of filing, the Court must assess and, when funds exist, collect an initial filing fee of twenty percent (20%) of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six month period. Id. Thereafter, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income. Id. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10.00 until the $350 filing fee is paid in full. Id.

Because the plaintiff had insufficient funds in his prison trust account to pay the full filing fee at the time this case was filed, the plaintiff's request to proceed without prepayment of fees is **GRANTED**. However, the plaintiff's Trust Account Report shows that in the six months preceding

the filing of this case, he had average monthly deposits of $8.84 into his account. Accordingly, consistent with the provisions of 28 U.S.C. § 1915, it is hereby ORDERED that:

1. A copy of this Order shall be sent to the Trustee Officer of the institution having custody of the plaintiff along with a copy of the executed consent to collection of fees form. Pursuant to the plaintiff's executed consent to collection of fees form, the Trustee Officer shall forward to the Financial Deputy Clerk, in the form of a check or money order payable to "Clerk, U.S. District Court," P.O. Box 1518, Elkins, West Virginia 26241, an **initial partial filing fee of $1.76** and, (b) automatically make monthly assessments upon the plaintiff's trust account of 20% of the preceding month's income toward the filing fee[1] and shall forward such assessments to the Financial Deputy Clerk in the form of a check or money order at the above-mentioned address each time the amount in the account exceeds $10.00, until the $350 filing fee is paid in full. Payments shall be clearly marked with the name and number assigned to this case. When the filing fee is paid in full, the Financial Deputy Clerk shall file a notice so stating;

2. If the plaintiff fails to pay the initial filing fee within **twenty-eight (28) days** of the entry of this Order, **or by June 9, 2014**, the Court may **DISMISS this action without prejudice.**

3. Upon the Financial Deputy Clerk's receipt of the initial partial filing fee, the Financial Deputy Clerk shall notify the Clerk of the appropriate district court that the initial partial filing fee has been paid. The Court will thereafter conduct an initial screening of the complaint pursuant to Local Rule of Prisoner Litigation Procedure 2.

4. Any recovery in this case will be subject to an applicable service of process fee assessed by the U.S. Marshal.

---

[1] If an inmate has been ordered to make PLRA payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed twenty percent (20%) of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(1) & 2. See Torres v. O'Quinn, 612 F.3d 237 (4th Cir. 2010).

5. Plaintiff shall immediately notify the Clerk upon his transfer or release and shall provide a new address if known. **Failure to notify the court of a change of address may result in the dismissal of this case;** and

6. in the event that the defendants are ordered to respond to the complaint, the United States Marshal Service will be ordered to serve the complaint.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested. In addition, the Clerk is directed to mail copies of this order to any counsel of record, the Financial Deputy Clerk, and the Trustee Clerk at the institution having custody of the plaintiff.

DATED: May 12, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE