# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LASHAN D. LAMARR,**

    Plaintiff,

v.                                           **CIVIL ACTION NO.: 3:14-CV-32**
                                                              **(JUDGE GROH)**

**MIKE JACKSON, Correctional Counselor,**
**DOUG WHITE, Correctional Officer II,**
**ROBIN MILLER, Associate Warden of**
**Programs, and MARVIN C. PLUMLEY, Warden,**

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, PRIVATE INVESTIGATOR AND EXPERT WITNESS

This matter is before the Court for consideration of the Plaintiff's Motion for Appointment of Counsel, Private Investigator and Expert Witness [ECF 46].

First considering the request for counsel, an indigent plaintiff generally has no right to appointed counsel. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Under 28 U.S.C. § 1915(e)(1), however, the Court should appoint counsel for an indigent plaintiff "in exceptional cases." Id. "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Id. (quoting Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978)).

Upon review of this motion, the Court finds that the Plaintiff has failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner. Accordingly, the Court **DENIES** the Motion for Appointment of Counsel.

Next, the Court considers the request for appointment of a private investigator and an expert witness. An indigent *pro se* plaintiff has no right to appointment of an expert witness or private investigator at the government's expense. See Ashford v. Gordon, Civil Action No. 0:13-1113, 2013 WL 5495280, at *1 (D.S.C. Oct. 2, 2013) (denying *pro se* indigent prisoner's motion for appointed expert witness and recognizing that 28 U.S.C. § 1915 does not authorize payment of such litigation expenses); Claudio v. GEO Grp., Inc., Civil Action No. 5:10-ct-3042-f, 2012 WL 3114560, at *4 (E.D.N.C. July 31, 2012) (noting that, although § 1915 authorizes indigent litigants to bring suit without prepayment of fees, it "does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs" (citation and quotation marks omitted)); Turner v. Rupf, Civil Action No. 05-2297, 2007 WL 13029763, at *2 (N.D. Cal. May 3, 2007) (denying *pro se* indigent prisoner's motion for appointment of a private investigator as Congress had not authorized expenditure of public funds on behalf of an indigent litigant for that purpose); Kerwin v. Varner, Civil Action No. 1:CV-03-2253, 2006 WL 3742738, at *2 (M.D. Pa. Dec. 15, 2006) (denying inmate's motion to appoint an expert witness and private investigator and stating "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [the inmate]"); see also Smithson v. Frederico, Civil Action No. 1:CV-14-2073, 2014 WL 6769928, at * (M.D. Pa. Dec. 1, 2014) ("Simply because Plaintiff is *pro se* does not entitle him to conduct his discovery free of charge or paid by the government."). Accordingly, the Court **DENIES** the Motion for Appointment of a Private Investigator and

the Motion for Appointment of an Expert Witness.

The Clerk is directed to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** February 18, 2015

GINA M. GROH
UNITED STATES DISTRICT JUDGE