## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LASHAN D. LAMARR,**

     **Plaintiff,**

**v.**                                         **Civil Action No. 3:14cv32**
                                                   **(Judge Groh)**

**MIKE JACKSON, Correctional Counselor;**
**DOUG WHITE, Correctional Officer II;**
**ROBIN MILLER, Associate Warden of**
**Programs; and MARVIN C. PLUMLEY,**
**Warden,**

     **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR LEAVE TO TAKE DEPOSITION AS AN INCARCERATED PERSON DENIED COUNSEL, AND DENYING DEFENDANTS REQUESTS FOR FEES AND COSTS ASSOCIATED WITH RESPONDING TO THE SAME

This case is before the Court on the *pro se* plaintiff, Lashan D. Lamarr's ("Lamarr"), two Motions for Leave to Take Deposition as an Incarcerated Person Denied Counsel, filed on April 27, 2015 and again on April 30 2015.

## I. Plaintiff's Motions

In his motion, the plaintiff, an inmate currently incarcerated at St. Marys Correctional Center ("SMCC"), requests that the court issue an Order directing St. Mary's Administrative Officers to permit the plaintiff to depose the defendants, employees of Huttonsville Correctional Center ("HCC") via telephone or other remote means, at a specified time to be set by the Court.

## II. Defendants' Response

The defendants' response in opposition appears to misconstrue plaintiff's motion as one requesting that plaintiff's *own* deposition be taken telephonically or by remote means.[1] To the contrary; plaintiff is seeking leave to take the *defendants'* depositions remotely. Further, the defendants request that they be awarded costs and fees associated with responding to plaintiff's motion.

## III. Analysis

### A. Rules of Procedure

Pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, depositions taken within the United States "shall be taken before an officer authorized to administer oaths by the laws of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending." Rule 30(b)(3) also requires that "[t]he party taking the deposition shall state in the notice the method by which the testimony shall be recorded" and that the party taking the deposition "shall bear the cost of the recording."

In this case, Lamarr's request fails to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Lamarr has failed to allege that an authorized officer would be available to administer oaths. Moreover, his request fails to specify the method by which the proposed deposition will be recorded or that he is able and willing to bear the costs of that recording.[2]

---

[1] The defendants' motion to depose plaintiff at his place of incarceration (Dkt.# 66) has already been granted over the plaintiff's objections, by Order entered April 15, 2015. (Dkt.# 70)

[2] Although Lamaar has been granted leave to proceed *in forma pauperis,* but that status does not entitle him to discovery at the government's expense. United States v. MacCallom, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"). The plain language of 28 U.S.C. § 1915 does not provide for the payment of discovery matters to aid an indigent litigant. Pedraza v. Jones, 71 F.3d 194 (5th Cir. 1995) (§1915 makes no provision for the court to either pay or waive the fees of an expert witness); Tabron v. Grace, 6 F.3d 147, 159-160 (3rd Cir. 1993) ("as a general rule, indigent litigants bear their own litigation expenses"); Rivera v. DiSabato, 962 F.Supp. 38 (D.N.J. 1997)(indigent litigant not entitled to free deposition transcripts).

**B. Location of the Proposed Depositions**

There is an initial presumption that an individual should be examined in the district of his residence.  Turner v. Prudential Ins. Co., 119 F.R.D. 381, 383 (M.D.N.C. 1988).  However, the Court has broad discretion in determining the appropriate place for examination and a number of factors may overcome the presumption and persuade the Court to permit the deposition be taken elsewhere.  Resolution Trust Corp. V. Worldwide Ins. Management Corp., 147 F.R.D. 125, 127 (N.D. Tex. 1992).  Some of those factors are the location of counsel for the parties, the likelihood of significant discovery disputes, whether the persons sought to be deposed often engage in travel for business purposes, and the equities with regard to the nature of the claim and the parties' relationship.  See Armsey v. Medshares Management Services, Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998) (citations omitted).

In this case, the persons sought to be deposed appear to all be employees of the West Virginia Division of Corrections ("WV DOC"), employed at the Huttonsville Correctional Center, located in Huttonsville, West Virginia.  Although the court understands that Lamarr is currently incarcerated in St. Marys Correctional Center, located in St. Marys, West Virginia, which is, per Google Map, a distance of some 139+ miles from Huttonsville, and it is simply not possible for him to travel to other locations to take depositions, the Court is not persuaded that this fact alone rebuts the presumption that the depositions should be taken at the individuals' place of residence.  Requiring the defendant deponents to travel to Lamarr's present place of incarceration would require time off work, long hours of travel, and some personal expense.  Further, an oral deposition certainly presents logistical and security issues, see e.g. McKeithan v. Jones, 212 Fed. App'x 129, 131 (3rd Cir. 2007), but the testimony sought is both relevant and

reasonably calculated to lead to admissible evidence. Thus, plaintiff should be able to obtain the testimony, just not through an oral deposition.

**C.  Oral Depositions by Remote Means**

Rule 30(b)(4) provides that the parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means.  The plaintiff has requested that the defendants' depositions be taken by remote means, but a review of the restrictions posed by the State of West Virginia Division of Corrections Policy Directive 504.01 (Monitoring and Use of Inmate Telephones)[3] make it clear that it is simply not feasible for Lamarr to take oral depositions via teleconferencing.

**D.  Depositions by Written Questions**

Rule 31 of the Federal Rules of Civil Procedure provides for the taking of depositions upon written examination. Lamarr may propound the same questions in written form as he would have asked orally, and taking depositions by written examination resolves some of the issues facing an incarcerated individual attempting to engage in discovery.  For example, because the party answering the written depositions is required to verify the truth of his or her answers, the need for taking the testimony under oath is resolved.  In addition, Lamarr would not have to bear the costs of transcription or collect telephone calls.  Moreover, neither the location of the depositions and the limitations of the prison telephone system are of concern.

**IV. Conclusion**

Accordingly, it is **ORDERED**, as follows:

---

[3] The State of West Virginia Division of Corrections Policy Directive 504.01 is drafted in accordance with the authority of W.Va. Code 25-1-5, 25-1-17, and 62-13-4, and American Correctional Association ("ACA") Standards 4-4497 and 4497-1.

1) Defendants' request that plaintiff's motion be denied and that they be awarded costs and fees associated with responding to the same is **DENIED;**

2) Lamarr's two Motions for Leave to Take Deposition as an Incarcerated Person Denied Counsel (Dkt.# 80 and 82) are **GRANTED** in part and **DENIED** in part.  To the extent that Lamarr seeks permission to take the oral deposition of the defendants, that motion is denied.  However, Lamarr is granted permission to take the written deposition of the defendants pursuant to procedures set forth in Rule 31 of the Federal Rules of Civil Procedure, a copy of which is attached.  In addition, the plaintiff will be required to comply with the requirements of Rule 45, a copy of which is also attached.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff via certified mail, return receipt requested. The Clerk is also directed to transmit a copy electronically to all counsel of record.

DATED: May 6, 2015

/s/  James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE