IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LASHAN D. LAMARR,

    Plaintiff,

v.                                                                                Civil Action No. 3:14-CV-32

MIKE JACKSON, Correctional Counselor;
DOUG WHITE, Correctional Officer II;
ROBIN MILLER, Associate Warden of
Programs; and MARVIN C. PLUMLEY,
Warden,

    Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

### I. INTRODUCTION

This matter is before the Court on the *pro se* Plaintiff Lashan D. Lamarr's ("Lamarr" or "Plaintiff") motion to compel, filed on April 16, 2015. ECF No. 71. On April 23, 2015, Defendants filed a response to Lamarr's motion. On May 14, 2015, Lamarr replied to Defendants' response. This issue is now ripe for review by the Court.[1]

### II. BACKGROUND

In his 42 U.S.C. § 1983 complaint, Lamarr, currently incarcerated by the West Virginia Division of Corrections, alleges three claims against Defendants: (1) failure to protect; (2) excessive use of force; and (3) retaliation. ECF No. 1. On January 27, 2015, U.S. District Judge Gina M. Groh granted Defendants' motion for leave to pursue discovery and ordered the parties the opportunity to

---

[1] An evidentiary hearing and argument on Lamarr's motion was scheduled for May 19, 2015. ECF No. 73. Defendants appeared by Daniel D. Fassio, Esq., and Susan L. Deniker, Esq. Lamarr. Lamarr however, was unable access the hearing by telephone to argue his motion. The Court apologizes to Plaintiff and Defendants for failing to put in the order setting the evidentiary hearing and argument that Defendants were to arrange for Plaintiff to call into the hearing. However, upon review, the Court concludes that the matter can be decided on the pleadings.

commence discovery. ECF No. 39. On February 23, 2015, Lamarr served interrogatories to Defendants. ECF Nos. 52-55. One month later, on March 23, 2015, Defendants served answers to Lamarr's interrogatories. Based on Defendants' answers, Lamarr filed this motion to compel.

### III. DISCUSSION

In his motion to compel, Lamarr argues that Defendants' responses to his requests are "indecipherable," produced in "bad faith," and fail to fully answer his interrogatories.[2] Defendants contend that answers to Lamarr's interrogatories are satisfactory and, although at least one interrogatory was impermissibly over broad, Defendants "provided *exactly* the information sought in providing" certain prison reports. ECF No. 76 at 6 (emphasis in original). Defendants further raise that, in filing his motion to compel, Lamarr failed to adhere to the requirements of Federal Rule of Civil Procedure 37 or the local rules of this District.

As a preliminary matter, Federal Rule of Civil Procedure 37 requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, under Local Rule of Civil Procedure 37.02, a motion to compel must include "[v]erbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ. P. 37.02(a)(1). In Lamarr's reply to Defendants' response, he acknowledges that he failed to confer with Defendants prior to filing his motion to compel. ECF No. 91 at 1. And, in review of Lamarr's motion, it appears to the undersigned that the motion to compel fails to include a specific objection to a specific interrogatory response. However, the Court

---

[2] Lamarr also moves for sanctions against Defendants under Rule 11 of the Federal Rules of Civil Procedure. ECF No. 71 at 1, ¶ 4. However, Rule 11 is inapplicable "to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). Therefore, Lamarr's request as to sanctions is denied.

is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigant. Therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.

Therefore, "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Thus, parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Actions alleging violations of § 1983 require especially broad discovery. *Floren v. Whittington,* 217 F.R.D. 389, 391 (S.D.W.Va.2003) (recognizing "the important federal interests in broad discovery and truth seeking as well as the interest in vindicating important federal substantive policy such as that embodied in section 1983"); *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) ("[A]ctions alleging violations of § 1983 require especially generous discovery."); *Inmates of Unit 14 v. Rebideau,* 102 F.R.D. 122, 128 (N.D.N.Y.1984) ("Federal policy favors broad discovery in civil rights actions."); (citations omitted)); *Spell v. McDaniel*, 591 F.Supp. 1090, 1114–15 (E.D.N.C.1984).

In review of Lamarr's motion, Defendants' response, and Lamarr's reply, it appears that only one interrogatory–although served to multiple Defendants–is contested. As stated in Defendants' response, "[t]he documents which were attached to Plaintiff's [motion] were responses to Plaintiff's Interrogatory No. 2 to Defendant Plumley and Defendant Miller."

> **INTERROGATORY NO. 2**: Please give a detailed list as to all the times the use of force was deemed necessary at the Huttonsville Correctional Center at a time

> while you were Warden of the Institution. Please give any related documentation involving these incidents.
>
> **ANSWER: OBJECTION**. Defendant Plumley objects to this interrogatory on the basis that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks every instance when the use of force was deemed necessary at Huttonsville Correctional Center without any limitation as to persons involved or time period. Without waiving this objection, and in a good faith effort to respond, please see the documents attached to these responses as "Exhibit 1," bates nos. PLUMLEY 00001 to PLUMLEY 00245, Use of Force Review Committee reports during the tenure of Defendant Plumley. The names of inmates have been redacted.

According to Defendants, "Exhibit 1" includes reports by the Use of Force Committee as to allegations of excessive force at Huttonsville Correctional Center. Lamarr's primary objection to these reports is that "inmate names are redacted and obliterated beyond understanding." ECF No. 91 at 2. Defendants contends that Lamarr's "access to information about other inmates' complaints, grievances, inmate numbers, and personal information would unfairly compromise the privacy and potentially the safety of non-party inmates." ECF No. 76 at 6. As such, Defendants redacted any inmate identification in the Use of Force Committee reports. The undersigned agrees that some redaction of discovery is founded for security reasons. Yet, Lamarr contends that, because of the redactions, he "cannot discern if the reference is to one inmate on several occasions or several inmates on the same occasion." ECF No. 91 at 2. This contention is also valid. Therefore, in order to remedy both concerns, Defendants shall provide Plaintiff all Use of Force Committee reports regarding excessive force at Huttonsville Correctional Center within two years prior to the date of the alleged incident against Lamarr. The reports must be redacted, however, the redactions as to prisoner identification must be changed to identify different prisoners by letter.[3]

---

[3] For example, prisoners would be addressed as "Prisoner A," "Prisoner B," and "Prisoner C."

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel, ECF No. 71, is **GRANTED IN PART**.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: May 20, 2014                                 /s/ *James E. Seibert*
                                                                        JAMES E. SEIBERT
                                                                        UNITED STATES MAGISTRATE JUDGE