IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LASHAN D. LAMARR,**

    Plaintiff,

v.                                                                **CIVIL ACTION NO.: 3:14-CV-32 (GROH)**

**MIKE JACKSON, Correctional Counselor,
DOUG WHITE, Correctional Officer II,
ROBIN MILLER, Associate Warden of
Programs, and MARVIN C. PLUMLEY, Warden,**

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO FOLLOW COURT ORDERS

Currently pending before the Court is the Defendants' Motion to Dismiss Plaintiff's Claims for Failure to Follow Court Orders [ECF No. 124], filed on August 28, 2015. In light of this dispositive motion, on September 1, 2015, this Court entered a *Roseboro* Notice [ECF No. 125], advising the *pro se* Plaintiff of his right to file a response to the Defendants' Motion to Dismiss and the potential of an order of dismissal against him if he failed to respond. The *Roseboro* Notice provided the Plaintiff thirty (30) days within which to respond to the Defendants' Motion to Dismiss. Service of the Notice was accepted on September 8, 2015. ECF No. 127. To date, the Plaintiff has not responded.

### I. Background

The *pro se* Plaintiff filed the above-styled 42 U.S.C. § 1983 action against the Defendants on March 13, 2014. On August 12, 2014, the Defendants filed their answer. On January 28, 2015, a scheduling order was entered, advising the parties that discovery

was due by August 25, 2015, and motions by September 25, 2015. On February 13, 2015, the *pro se* Plaintiff filed a motion to appoint counsel. Five days later, on February 18, 2015, the Court entered an order denying the Plaintiff's motion to appoint counsel, finding that the Plaintiff failed to provide a showing of particular need or exceptional circumstances that would require the assistance of a trained practitioner. On April 27, 2015, the Plaintiff filed another motion to appoint counsel, which was denied by this Court on May 6, 2015.

On June 1, 2015, the Plaintiff filed a motion to continue the proceedings for thirty days so that he could obtain and confer with counsel. ECF No. 100. On June 2, 2015, the Court granted the Plaintiff's motion to continue and ordered the action in abeyance until July 2, 2015. ECF No. 102. In that order, the Plaintiff was directed to notify the Court by July 2, 2015, of the name of his counsel and whether he wished to proceed with the case. The Plaintiff never responded to the Court's June 2, 2015 order. Because of his failure to respond, the Court entered another order on August 11, 2015, which again directed the Plaintiff to advise the Court of the name of his counsel and whether he wished to proceed with the case. ECF No. 119. The order directed the Plaintiff to respond by August 25, 2012. The Plaintiff never responded to the Court's August 11, 2015 order. Instead, he filed yet another motion for extension of time to hire counsel on August 28, 2015. ECF No. 123.

On August 28, 2015, the Defendants filed their motion to dismiss the Plaintiff's claims for failure to follow court orders. ECF No. 124. In light of the Defendants' motion to dismiss, this Court entered a *Roseboro* Notice, advising the Plaintiff of his right to respond to the Defendants' motion and the potential of an order of dismissal against him

if he failed to respond. ECF No. 125. To date, the Plaintiff has failed to respond to this Court's June 2, 2015 order, August 11, 2015 order, and the Defendants' August 28, 2015 motion to dismiss.

## II. Applicable Law

Upon motion by a defendant, a district court may involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). In determining whether to dismiss a case involuntarily, a district court should consider "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Although *pro se* parties are held to less stringent standards than attorneys, they must nevertheless observe "respect for court orders without which effective judicial administration would be impossible." Id. at 96. "Dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976)).

## III. Analysis

First, the Plaintiff is responsible for all delays and continuances in this case and it is evident that the Plaintiff's recalcitrance is due to willfulness, bad faith and fault. The Plaintiff has filed four motions in regard to his retention of counsel. Two of these motions requested this Court to appoint counsel, and both were denied. ECF Nos. 46 and 81. The other two motions requested this Court to continue the proceedings so as to allow the Plaintiff time within which to retain counsel. ECF Nos. 100 and 123. More than five

months have passed since the Plaintiff first requested a continuance in order to retain counsel. Still no counsel has been retained.

Furthermore, the Plaintiff has failed to respond to two court orders. These orders directed the Plaintiff to notify the Court of the name of his counsel and whether he wished to proceed with this case.[1] Although the Plaintiff failed to respond to these orders, he was nevertheless able to file yet another motion for extension of time to hire counsel on August 28, 2015.[2] Moreover, notwithstanding the Court's *Roseboro* notice entered on September 1, 2015, the Plaintiff has failed to respond to the Defendants' motion to dismiss. In its *Roseboro* notice, the Court alerted the Plaintiff that his failure to respond to the Defendants' motion to dismiss might result in the entry of an order of dismissal against him. Nearly two months has passed since the Plaintiff accepted service of the *Roseboro* notice and no response has been filed.

Second, the Defendants have been prejudiced by the delays caused by the Plaintiff's noncompliance. While the Plaintiff has evaded deposition and moved to continue proceedings, the Defendants have continuously complied with discovery obligations, producing thousands of documents to the Plaintiff at significant expense. In contrast, the Plaintiff has opposed the Defendants' discovery requests.[3]

Third, the Plaintiff has a history of proceeding in a dilatory fashion. Not only has the Plaintiff failed to respond to two court orders and the Defendants' motion to dismiss,

---

[1] Service of the first order was accepted on June 8, 2015. ECF No. 104. Service of the second order was accepted on August 18, 2015. ECF No. 121.

[2] The Plaintiff filed this motion [ECF No. 123] after receiving both orders directing him to notify the Court of the name of his counsel and whether he wished to proceed.

[3] For example, the Plaintiff filed a response in opposition to the Defendants' motion for leave to pursue discovery against the Plaintiff, claiming that the only relevant discovery in his custody is a single disciplinary record in relation to Defendants White and Jackson. ECF No. 35 at 2.

4

but he has also failed to retain counsel within the extended time period given to him by this Court.[4] Further, the Plaintiff still has not retained counsel, even though he first requested a continuance to do so more than five months ago.[5]

Fourth, the Court finds that there is no sanction less drastic than dismissal in this case. The Plaintiff has twice been directed to inform the Court of the name of his counsel and whether he wishes to proceed with this case. He has chosen not to respond to either order. In its *Roseboro* notice, the Court warned the Plaintiff of the possibility of dismissal against him if he failed to respond to the Defendants' motion to dismiss. Service of the *Roseboro* notice was accepted on September 8, 2015. The Plaintiff still has not responded.

## IV. Conclusion

Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it is **ORDERED** that the above-styled matter is hereby **DISMISSED WITH PREJUDICE** for failure to follow court orders and failure to prosecute. It is further **ORDERED** that this action be **DISMISSED and STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** November 6, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] This Court granted the Plaintiff's motion to continue in order to obtain counsel on June 2, 2015. In the June 2, 2015 order, the Plaintiff was directed to notify the Court of the name of his counsel and whether he wished to proceed with this case by July 2, 2015. ECF No. 102. The Plaintiff failed to do so. In light of the Plaintiff's failure to respond, on August 11, 2015, the Court again directed the Plaintiff to notify it of the name of his counsel and whether or not he wished to proceed with this case. ECF No. 119. The Court directed the Plaintiff to respond to this second order by August 25, 2015. The Plaintiff again failed to respond as directed and, instead, filed another motion for extension of time to hire counsel on August 28, 2015. ECF No. 123.

[5] The Plaintiff first requested a continuance in order to hire counsel on June 1, 2015. ECF No. 100.